IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MATHEW SLICHER *

Plaintiff *

v. * Civil Action No.: DKC 23-3547

ROBERT DOAN, et al. *

Defendants *

******

**MEMORANDUM OPINION**

Matthew Slicher brings this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging the legality of his 2016 conviction for attempted first-degree murder and related offenses in the Circuit Court for Baltimore City. ECF Nos. 1, 5. The petition is ready for resolution and no hearing is necessary. *See* Loc. R. 105.6; *see also* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000). For the reasons that follow, the petition will be denied as untimely. A certificate of appealability shall not issue.

**I. Background**

On May 15, 2015, Mr. Slicher was indicted in the Circuit Court for Baltimore City, Maryland for attempted first-degree murder, attempted second-degree murder, armed robbery, robbery, first-degree assault, second-degree assault, theft, reckless endangerment, and possession of a deadly weapon with intent to injure. ECF No. 9-1 at 4, 6, 23. Mr. Slicher fired his appointed counsel on the first day of trial, August 9, 2016, and proceeded pro se. ECF No. 9-5 at 3-8. On August 12, 2016, Mr. Slicher was convicted of attempted first-degree murder, theft, and possession of a deadly weapon with intent to injure. ECF No. 9-10 at 9-10. On October 18, 2016, the Circuit

Court imposed an aggregate sentence of life, with all but 41.5 years suspended. ECF No. 9-11 at 23-24.

Mr. Slicher appealed his conviction to the Appellate Court of Maryland, formerly known as the Court of Special Appeals. ECF No. 9-1 at 36-74. He raised two assignments of error: (1) the lower court erred in ruling that Mr. Slicher had no meritorious reason to discharge his attorney and, thus, no choice but to proceed with that attorney's representation or go to trial pro se, and (2) the lower court erred in refusing to allow Mr. Slicher to call his father as a witness. ECF 9-1 at 37. In an unreported opinion issued on October 30, 2017, the Appellate Court of Maryland affirmed Mr. Slicher's conviction and sentence. *Id.* at 111-139. The mandate issued on December 1, 2017. Mr. Slicher did not seek further review with the Supreme Court of Maryland.

Nearly four years later, on November 10, 2021, Mr. Slicher filed a pro se postconviction petition in the Circuit Court for Baltimore City. *Id.* at 141-145. His appointed counsel amended the petition on March 24, 2022. *Id.* at 146-152. Mr. Slicher raised four claims: (1) ineffective assistance of pre-trial counsel for failing to provide copies of discovery, motions, and other trial paperwork to Petitioner, (2) lack of time to prepare for trial after discharging counsel; (3) ineffective assistance of appellate counsel for not coming to see Petitioner to discuss his appeal, and (4) denial of effective assistance of counsel to file Petitioner's post-sentencing motions, specifically a motion for modification of sentence.[1] *Id.* at 141-152, 153. The postconviction court denied Mr. Slicher's postconviction petition on July 5, 2022. *Id.* at 153-167. Mr. Slicher's Application for Leave to Appeal the denial of his postconviction petition (*id.* at 168-170) was denied by the Appellate Court of Maryland on February 24, 2023. *Id.* at 171-172. The mandate issued on April 3, 2023.

[1] The claims were rephrased by the postconviction court for clarity and have been reproduced here for the same reason. *See* ECF No. 9-1 at 153.

Mr. Slicher filed his petition for a writ of habeas corpus with this court on or about December 18, 2023.[2] ECF No. 1. He supplemented the petition on April 1, 2024. ECF No. 5. Mr. Slicher alleges: (1) lack of time to prepare for trial, (2) he was improperly sentenced as a habitual offender, (3) he was on methadone while trying his case pro se, and (4) the lower court erred in ruling that he had no meritorious reason to discharge his attorney requiring him to try his case pro se.[3] ECF No. 5 at 5. The state filed a Limited Answer on July 17, 2024, arguing that the petition is time-barred. ECF No. 9.

**II. Analysis**

28 U.S.C. § 2244(d)(1) provides that a petition for writ of habeas corpus seeking relief from a state court judgment must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). 28 U.S.C. § 2244(d)(2), however, expressly excludes from that one-year calculation "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending."

In this case, the one-year limitations period for filing for federal habeas relief runs from the date on which the judgment became final by the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Mr. Slicher did not appeal his conviction to the Supreme Court of Maryland. The deadline for him to have done so was fifteen days from the day the Appellate Court of Maryland issued its mandate, or **December 18, 2017**.[4] *See* Md. Rule 8-302(a).

---

[2]. Mr. Slicher's original filing is unsigned. ECF No. 1. The envelope is date-stamped on December 18, 2023. The court will accept this date as the date of filing.

[3] For clarity, Mr. Slicher's claims have been rephrased.

[4] Fifteen days fell on Saturday, December 16, 2017.

The statute of limitations is tolled while any collateral review is pending. Mr. Slicher filed a petition for postconviction relief on November 11, 2021. By this time, however, **1,058** days had passed since his conviction was final. Mr. Slicher's postconviction proceedings remained pending until the Appellate Court of Maryland issued its mandate on April 3, 2023. Another **259** days passed until he filed the pending petition for federal habeas corpus relief on or about December 18, 2023.

When Mr. Slicher filed his federal habeas petition, well over a year had passed with no postconviction petitions or collateral review pending, rendering his federal habeas petition, filed on or about December 18, 2023, untimely.

No grounds permit the court to equitably toll the limitations period. Equitable tolling may apply in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, a petitioner must establish that delay in filing the petition resulted from respondents' wrongful conduct or other extraordinary circumstances beyond the petitioner's control. *See Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where ... gross injustice would result" absent the Court's intervention. *Id.*

On September 25, 2024, the court ordered Mr. Slicher to address Respondents' limitations argument and provided twenty-eight (28) to do so. ECF No. 12. To date, Mr. Slicher has failed to respond. Because Mr. Slicher has failed to demonstrate that equitable tolling is warranted, the court must dismiss the petition as untimely.

**III. Certificate of Appealability**

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684-685 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Mr. Slicher has not demonstrated that a certificate of appealability is warranted, and so the court shall not issue it. Mr. Slicher may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

**IV. Conclusion**

For the foregoing reasons, the court will deny Mr. Slicher's Petition for writ of habeas corpus and decline to issue a Certificate of Appealability. A separate Order follows.

October 28, 2026

/s/
DEBORAH K. CHASANOW
United States District Judge